CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKS

SEP 16 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:12-cv-00481 |
| v. | ) ) | ORDER ADOPTING REPORT<br>AND RECOMMENDATION |
| HAROLD W. CLARK, et al.,<br>    Defendants. | ) ) ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Jacob D. Peyton, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment of the United States Constitution. Peyton claims that defendant Officer Steele and Sergeant Jackson used excessive force; defendants Sergeant Jackson, Major Combs, and Assistant Warden Kiser failed to protect Peyton from the excessive force; and defendants Sergeant McQueen, Assistant Warden Kiser, Warden Mathena, and Director Clarke are liable as supervisors for subordinates' alleged use of excessive force. Peyton also claims that various defendants caused unconstitutional conditions of confinement by allowing K9s in prison. Defendants filed a motion for summary judgment, all parties request a jury trial, and I referred the matter to United States Magistrate Judge Robert S. Ballou for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Magistrate Judge has filed a report, finding that Peyton's claims of excessive force and bystander liability against Major Combs, Sergeant Jackson, and Officer Steele should proceed to trial due to disputes of material facts and that summary judgment should be awarded to defendants on all other claims. Accordingly, the Magistrate Judge recommends that I grant in part and deny in part defendants' motion for summary judgment and set the excessive force and bystander liability claims for a jury trial. Defendants filed objections to the Report and Recommendation, arguing that the evidence is undisputed that Peyton violated staff's order to stay prone in the shower, thus requiring force with oleoresin capsicum spray and a K9.

Having reviewed the Report and Recommendation, the objections thereto, and pertinent portions of the record de novo in accordance with 28 U.S.C. § 636(b)(1), the court agrees with the Magistrate Judge's recommendation. For example, Peyton's original verified complaint alleges that he complied with orders to lie on the shower floor but that Major Combs directed Sergeant Jackson to use oleoresin capsicum spray on Peyton and ordered Officer Steele to make the K9 bite Peyton. Peyton also filed an affidavit from an inmate who averred he saw Peyton lying on the shower floor when Major Combs ordered the K9 to bite him. I am mindful that, when considering summary judgment, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1) Defendants' objections to the Report and Recommendation are **OVERRULED**;
2) The Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety;
3) Defendants' motion for summary judgment is **DENIED in part** for disputes of material facts about whether Sergeant Jackson and Officer Steele used excessive force and whether Major Combs and Sergeant Jackson are liable as bystanders, and it is **GRANTED in part** for all other claims.
4) The Clerk shall **SET** this matter for a jury trial in the Big Stone Gap Division about Peyton's remaining claims against Major Combs, Sergeant Jackson, and Officer Steele;
5) The Clerk shall **TERMINATE** all defendants except Major Combs, Sergeant Jackson, and Officer Steele;
6) The Clerk shall **TRANSFER** this matter to the docket of the Honorable Judge James P. Jones; and

7) The Clerk shall **SEND** copies of this Order to the parties.

It is so **ORDERED**.

**ENTER**: This 16th day of September, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge