IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:12CV00481 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| HAROLD W. CLARK, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*G. Joe Kincade, Kincade Law, P.C., Wise, Virginia, for Plaintiff; J. Michael Parsons, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.*

In this civil action under 42 U.S.C. § 1983, the plaintiff, a state prison inmate, contends that his Eighth Amendment rights were violated by prison officers who used excessive force against him, specifically that officers pepper sprayed him and directed that he be bitten by a K-9 dog, all without proper cause. In advance of jury trial, the plaintiff has requested that two fellow prison inmates, alleged witnesses to the events at issue, be brought to court to testify in person, rather than appear remotely by video. The defendants have objected, and I find that the appearance of these witnesses by video conferencing is more appropriate and thus will deny the motion.

In a pleading entitled "Motion to Have Inmates Transported,"[1] the plaintiff has requested that two inmates be made available for trial. The plaintiff asserts that their presence in the courtroom is necessary, because "[t]heir appearance by video would have a prejudicial impact against [the plaintiff] because of the prison setting and their prison attire." (Mot. ¶ 5,ECF No. 89.) The plaintiff has filed related motions requesting that the two inmate witnesses be allowed to wear civilian clothing and be unshackled for trial.

The issue is whether video testimony is an appropriate alternative to the in-court testimony of the inmate witnesses in this case. *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."). The use of video testimony pursuant to Rule 43(a) is within the sound discretion of the trial court. *See Allen v. Wine*, 297 F. App'x 524, 533 (7th Cir. 2008) (unpublished).

A similar issue was considered by this court in *Edwards v. Logan*, 38 F. Supp. 2d 463 (W.D. Va. 1999), a case in which a prisoner plaintiff in a §1983

---

[1] The plaintiff's motion should more likely be treated as a writ of habeas corpus ad testificandum, which is a common law writ that is codified by 28 U.S.C. § 2241(c)(5). *See Barnes v. Black*, 544 F.3d 807, 809 (7th Cir. 2008).

action was not transported for trial, but was allowed to participate through video conferencing. The factors considered in that case were:

> "(1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative[;]
>
> (2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial[; and]
>
> (3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim."

*Id.* at 467 (quoting *Muhammad v. Warden, Balt. City Jail*, 849 F.2d 107, 113 (4th Cir. 1988)). Stated differently,

> In order to grant the writ of habeas corpus ad testificandum the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility.

*Greene v. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996) (addressing request to produce inmate witnesses in § 1983 action).

The *Muhammad* factors should also apply in the context of a non-party inmate witness. *See Saenz v. Reeves*, No. 1:09-cv-00557-BAM (PC), 2013 WL 1636045, at *2–3 (E.D. Cal. Apr. 16, 2013) (applying factors analogous to *Muhammad* and allowing video testimony pursuant to Rule 43(a)); *Zavala v. Chrones*, No. 1:09-cv-01352-BAM PC, 2012 WL 6571045, at *2–3 (E.D. Cal.

-3-

Dec. 17, 2012) (same); *Lyons v. Leonhardt*, No. 3:05-CV-400 JCM (VPC), 2013 WL 3807996, at *11–12 (D. Nev. July 19, 2013) (applying factors analogous to *Muhammad* and allowing video testimony).

Applying the *Muhammad* factors based on the information currently before the court is difficult. Regarding the first factor, a strong argument can be made that video testimony will be an acceptable alternative for allowing the presentation of the testimony described in the plaintiff's motion. The second factor also weighs in favor of video testimony, because the state prison facilities currently housing the two witnesses are several hundred miles from the place of trial. As a general rule, courts have noted that "transporting inmates to court is costly and potentially dangerous." *Allen*, 297 F. App'x at 533. Lastly, while there is no information regarding the ability to stay this proceeding pending the prisoners' release, it is unlikely that this factor is determinative, or even applicable, in the context of an inmate witness, as opposed to an inmate plaintiff.

Assuming video testimony is allowed, safeguards to consider include ensuring that "[t]he jury c[an] listen to the witnesses and observe their demeanor, [that the plaintiff] c[an] question [the witnesses], and the transmission [i]s instantaneous." *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (unpublished). The court should also provide a jury instruction that video

testimony and in-person testimony are subject to equal consideration. *Allen*, 297 F. App'x at 533.

The plaintiff's prejudice argument regarding video testimony is unpersuasive. "'Prejudice . . . occurs only when prison attire puts the jury on notice of something that it does not already know.'" *Willis v. McFarland*, No. 4:08CV795 TIA, 2012 WL 2236647, at *3 (E.D. Mo. June 15, 2012) (quoting *Williams v. Norris*, 612 F.3d 941, 958 (8th Cir. 2010)). In this context, the relevant events associated with this litigation occurred during a period of incarceration; therefore, the jury will be aware that the witnesses are inmates. *See id.* As stated by the Seventh Circuit, "when an inmate is suing prison guards, there is nothing prejudicial about allowing other prisoners to appear in prison clothing and restraints because the jury already knows that the plaintiff and the witnesses are inmates." *Allen*, 297 F. App'x at 533. Moreover, prejudice may be less likely through the use of video testimony, because it "would actually 'lessen the risk that the jury would be prejudiced or misled' by the presence in court of the security measures necessary to secure public safety and the [inmate's] continued confinement." *Vaughan v. Sposato*, No. CV-11-3097 (SJF)(ARL), 2013 WL 5774880, at *3 (E.D.N.Y. Oct. 21, 2013) (quoting *Ortiz v. Burnias*, No. 2:09-cv-00396 JWS, 2012 WL 3237161, at *1 (D. Ariz. Aug. 7, 2012)).

In conclusion, I find that the relevant factors counsel against the in-court appearance of the requested witnesses. For the same reasons, the request that they appear in civilian clothes will be denied.

For the stated reasons, it is **ORDERED** that the plaintiff's motions at issue (ECF Nos. 89, 93, and 94) are DENIED. A separate order will be entered requiring the appearance of the designated witnesses by video conferencing.

ENTER: December 11, 2014

/s/ James P. Jones
United States District Judge